# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| J&J CONTRACTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:14-cv-540-NT |
| | ) | |
| M.S.A.D. 22 a/k/a REGION SCHOOL UNIT 22, | ) ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO STAY AND MOTION TO COMPEL ARBITRATION**

The Plaintiff, J&J Contractors, Inc. ("**J&J**"), moves for an order compelling arbitration and staying the case pending the completion of arbitration. Pl.'s Mot. to Stay Litigation and Compel Arbitration (ECF No. 4). The Defendant, Maine School Administrative District 22 ("**M.S.A.D. 22**"), objects to arbitration. For the reasons that follow, I will **GRANT** the Motion to Compel and stay the case pending arbitration.

## I. APPLICABLE LEGAL STANDARDS

The Motion to Stay Litigation and Compel Arbitration implicates provisions of the Federal Arbitration Act ("**FAA**"). 9 U.S.C. §§ 3 and 4. With respect to motions to compel arbitration, the FAA provides, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for

an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. Addressing the issuance of stays the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

"Unless the parties clearly and unmistakably provide otherwise," *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986), the court must resolve a disagreement among the parties as to whether an arbitration clause applies to a particular dispute, *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299-300 (2010). "[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute." *Id.* at 297. "When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

## II. FACTS

In April 2010, M.S.A.D. 22 contracted with J&J to build the new Hampden Academy (the "**Project**"). The dispute resolution clause in the construction contract requires arbitration of "a dispute between [J&J] and [M.S.A.D. 22] that cannot be

2

resolved by the parties to the contract."[1] Construction Contract, Article 42 (ECF No. 1-1). After a dispute between the parties in which J&J sought additional compensation beyond the contract balance and M.S.A.D. 22 claimed that certain work items remained incomplete, the parties entered into a Settlement Agreement and Mutual Release ("**Settlement Agreement**") on December 28, 2012. Settlement Agreement (ECF No. 4-1). Later, J&J sought an additional payment from M.S.A.D. 22 for work performed by Porter Drywall. After M.S.A.D. 22 refused to reimburse J&J for monies it paid to Porter Drywall, J&J filed this lawsuit and Motion to Compel Arbitration under the terms of the Construction Contract.

### III. DISCUSSION

MSAD 22 opposes arbitration because (1) the Porter Drywall claim was discussed and expressly included as part of the "subject matter" of the Settlement Agreement; (2) the integration clause of the Settlement Agreement states that it "supersedes all prior agreements"; and (3) the Settlement Agreement contains no arbitration provision. Def.'s Opp. To Pl.'s Mot. to Compel 2. M.S.A.D. 22 correctly

---

[1] Under the Arbitration provision of the construction contract, if the parties cannot resolve a dispute,

> the dispute shall be referred to the Director of the Bureau of General Services ("BGS") who at his/her discretion, will submit the dispute to non-binding Alternative Dispute Resolution (ADR) or binding arbitration." If the parties in dispute are not satisfied with the results of ADR the Owner or the Contractor may resubmit the dispute to the Director of the Bureau of General Services for binding arbitration.

Construction Contract, Article 42. The parties have agreed that J&J does not need to name the BGS as a party and seek an order compelling BGS to make an election. Instead, the parties have agreed that if the dispute resolution clause in the contract is applicable, the Court may compel binding arbitration. Attorneys' E-mail Exchange (ECF No. 4-5).

3

asserts that there is no arbitration provision in the Settlement Agreement. I disagree, however, that the Porter Drywall claim is not subject to arbitration.

Although the Settlement Agreement provides that it "supersedes all prior agreements," the integration clause also states that "[t]he provisions of this Agreement comprise all of the terms, conditions, agreements, and representations of the Parties respecting settlement of *the claims released herein*."[2] Settlement Agreement ¶ 7. The Porter Drywall claim while referenced in the Settlement Agreement was specifically excluded from the release given by J&J to M.S.A.D. 22.[3] Settlement Agreement ¶ 5. Under the terms of the Settlement Agreement, J&J

---

[2] The integration clause of the Settlement Agreement provides:

> The provisions of this Agreement comprise all of the terms, conditions, agreements, and representations of the Parties respecting settlement of the claims released herein. This Agreement supersedes all prior agreements, arrangements and understandings, if any, relating to the subject matter hereof and may be amended only by an instrument in writing executed jointly by all of the Parties. All representations and promises made by any party to another, whether in writing or orally, are understood by the Parties to be merged into this Agreement.

Settlement Agreement ¶ 7. The Settlement Agreement does not define "subject matter," however, I understand the "subject matter" of the Settlement Agreement to be the disputed claims that were settled by the agreement, not the reserved Porter Drywall claim.

[3] The Release by J&J provides:

> J&J, together with its agents, fellow agents, representatives, assigns, and any and all persons or entities in privity with them, does hereby release, cancel, acquit, relinquish, and forever discharge MSAD 22, its agents, fellow agents, representatives, and any and all persons or entities in privity with them (collectively, "Defendant Releasees"), from claims, demands, causes of action, damages, liabilities, expenses, fees and costs, including attorneys' fees, whether known or not known, suspected or claimed, that J&J ever had, now has, or that may later develop, appear or accrue against Defendant Releasees arising out of or related to the Project, except that J&J does not release and expressly preserves any pass-through claims it may have against MSAD 22. The only such claim of which J&J is currently aware is the claim of Porter Drywall as generally described in Exhibit A.

Settlement Agreement ¶ 5. A detailed description of the Porter Drywall claim is attached to the Settlement Agreement. *See* Exhibit A to Settlement Agreement – Summary of Porter Drywall Claim for Productivity, Disruption and Delay Damages Hampden Academy.

retained its right to bring a "pass-through" claim related to Porter Drywall against M.S.A.D. 22. Thus, the adjudication of the Porter Drywall claim is not governed by the terms of the Settlement Agreement. The Porter Drywall claim arises out of the Project's Construction Contract and is controlled by the terms therein, including the arbitration clause.

## IV. CONCLUSION

Accordingly, the Plaintiff's Motion to Compel Arbitration is **GRANTED** and the Motion to Stay is **GRANTED** pending the resolution of the arbitration. Every 90 days, the parties shall file with this Court a status report to apprise the Court of the arbitration process.

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 6th day of April, 2015.